## UNRUH v. KOEHN et al.

No. 21042. Opinion Filed Sept. 6, 1932.

Dyer, Smith & Crowley, for plaintiff in error.

McKeever, Elam, Stewart & McKeever, for defendants in error.

ANDREWS, J. This is an appeal from a judgment of the district court of Major county. The action was instituted by H. D. Koehn, who hereinafter will be referred to as the plaintiff, against the other parties hereto, who hereinafter will be referred to as the defendants.

The record shows that the plaintiff, A. P. Koehn, J. A. Wedel, and H. A. Schmidt, as parties of the first part, entered into a written agreement with T. B. Unruh, as par-

ty of the second part, by the terms of which the parties of the first part were to indorse the notes of the party of the second part in the sum of $9,661.82 for the purpose of enabling the said T. B. Unruh to obtain funds with which to purchase a certain stock of merchandise then being offered for sale by a trustee in bankruptcy; that by the terms of the agreement the stock of merchandise was to be purchased and held in the name of the parties of the first part until they were relieved from their indorsement obligation and until the party of the second part had repaid the sum of money borrowed for the purchase price of the stock, and that when the purchase price was repaid and the parties of the first part were relieved of their indorsement obligation the parties of the first part were to sign a transfer of the title to the stock of merchandise to the party of the second part; that pursuant to the agreement the parties of the first part indorsed the notes of the party of the second part, who obtained the money and who purchased the stock of merchandise therewith in the name of the Meno Hardware Sales Company, a partnership trade name which had been adopted by the parties of the first part; that the business was conducted by the said T. B. Unruh at a loss; that the parties of the first part authorized the said T. B. Unruh as the general manager of the Meno Hardware Sales Company to sign the name of the Meno Hardware Sales Company to notes or rediscounts to notes, which he did, and which resulted in a liability against each of the parties of the first part; that the members of the partnership disagreed among themselves and that the suit was instituted for the purpose of having a receiver appointed to take charge of the partnership property and to procure a settlement of the partnership affairs by a sale of the partnership assets. T. B. Unruh was joined as a defendant under the allegation that he was making adverse claims to a portion of the assets of the partnership and that he should be required to come into court and disclose what interest he claimed in the assets of the partnership.

T. B. Unruh, by his answer, claimed title to that portion of the property referred to as the "Unruh Chevrolet Company." He contended that that was no part of the property of the Meno Hardware Sales Company. He further contended that the assets of the Meno Hardware Sales Company were sufficient to pay all claims of the copartners against the property of the Meno Hardware Sales Company, and that he was entitled to have the property of the Meno Hardware

Sales Company delivered to him after the payment of the claims of the copartners.

The judgment of the trial court was in favor of the plaintiff, J. A. Wedel, H. A. Schmidt, and Anna Koehn, executrix of the last will and testament of Andrew P. Koehn, deceased, and against the defendant, T. B. Unruh, in the aggregate sum of $23,809.96, which was the aggregate amount of the claims of the copartners by reason of the purchasing and conducting of the business. From that judgment the defendant, T. B. Unruh, appealed.

We find nothing in the record to show any agreement on the part of the defendant, T. B. Unruh, to become liable for any amount in excess of $9,661.82, and the interest thereon, the amount shown by the written agreement hereinbefore referred to. The agreement of the parties of the first part to indorse the notes of T. B. Unruh was a sufficient consideration for his agreement to hold them harmless by reason of their indorsement of said notes, and under that agreement he became liable for the loss, if any, sustained by them, not exceeding $9,661.82, and the interest on said notes. We find nothing in the record from which we can conclude that T. B. Unruh ever agreed to become responsible for any indebtedness contracted by the Meno Hardware Sales Company in the operation of its business. The judgment of the trial court aggregating $23,809.96 is not supported by any evidence. It is hereby vacated.

It is contended by the defendant, T. B. Unruh, that no personal judgment could be rendered against him under the issues made by the pleadings in this action. We do not agree with that contention. The contract by which he agreed to save the copartners harmless was pleaded as a part of the amended petition and by his answer he contended that there was ample property of the Meno Hardware Sales Company to satisfy all claims against the Meno Hardware Sales Company and his liability under the contract. We think the issue made thereby was sufficient under the rule adopted in this state in the absence of an attack upon the pleading.

We do not think it necessary to enter into an extended discussion of the complicated questions of fact involved in this equitable proceeding, and we deem it sufficient to say that the judgment of the trial court holding that the property known as the "Unruh Chevrolet Company" was a part of the property of the Meno Hardware Sales Company

is not clearly against the weight of the evidence. That portion of the judgment is affirmed.

The receiver appointed to take charge of the property and continued in office by the judgment has doubtless liquidated the assets prior to this time. If he has not done so, he should proceed with the liquidation of the assets of the Meno Hardware Sales Company. We find no error in the appointment and continuance of that receiver. From the proceeds of the sale of the property of the Meno Hardware Sales Company, the costs of the court and the expenses of the receivership should be paid. The indebtedness of the Meno Hardware Sales Company should be paid by the receiver so far as possible. If the assets of the receivership are sufficient to pay the costs and expenses and indebtedness as aforesaid, then the proceeds should be used to pay the copartners pro rata the amount of the liabilities incurred by them through the indorsing of the notes of T. B. Unruh. If the amount is sufficient to liquidate those claims, the remainder should be paid to T. B. Unruh. If the amount is not sufficient to pay those claims, then, and upon the determination of that fact, judgment should be rendered against T. B. Unruh in favor of each of the copartners for the amount unpaid to him, or his administratrix, not exceeding the aggregate sum of $9,661.82, with interest accrued thereon.

The transfer of the property of the Meno Hardware Sales Company to G. W. Lorance having been agreed to and approved, the property received from the said G. W. Lorance in exchange for the property of the Meno Hardware Sales Company is to be considered as a part of the property of the Meno Hardware Sales Company.

The judgment of the trial court is reversed and the cause is remanded to that court, with directions to enter judgment in accordance herewith.

RILEY, HEFNER, CULLISON, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., CLARK, V. C. J., and SWINDALL, J., absent.

Note.—See under (1) 2 R. C. L. 203; R. C. L. Perm. Supp. p. 376; R. C. L. Pocket Part, title Appeal, § 172.